IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   1:16cr8/MW/GRJ
   1:19cv151/MW/GRJ

CHRISTOPHER THOMPSON
   Reg. No. 4855-017

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 226.) The Government responded in opposition, contending that the motion should be denied as untimely. (ECF No. 107.) Petitioner did not file a reply. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that Petitioner's motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b) Governing Section 2255 Proceedings.

I.   PROCEDURAL HISTORY AND ANALYSIS

On March 3, 2016, a grand jury charged Christopher Bernard Thompson with knowingly and willfully making a false material declaration during a jury trial.   (ECF No. 1.)   At the trial of Tawanka Burkett, whom Thompson described as his fiancée, the issue of her whereabouts during a particular time frame was key.   Thompson testified he had spent every day over a period of three months with Burkett, when actually he had been incarcerated for almost three weeks during the material time period. Thompson entered a plea of guilty as charged before the undersigned on June 23, 2016.   (ECF Nos. 23-26, 63.)

The Second Final Presentence Investigation Report ("PSR") calculated Thompson's total offense level, after a three-level adjustment for acceptance of responsibility, at 21, and his criminal history category at VI. (ECF No. 40.)1   The applicable guidelines range of 77 to 96 months was limited to the statutory maximum term of 60 months, and the court sentenced him to this term.   (ECF Nos. 44,45, 60.)

---

1 The draft and "final" PSR's had calculated Thompson's total offense level at 12. (ECF Nos. 31, 35 at ¶¶ 17-25.)   The subsequent increase was due to the application of § 2X3.1 instead of § 2J1.3 for Thompson's base offense level.

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

Thompson appealed, and his appointed counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit found no arguable issues of merit after independent examination of the entire record, granted counsel's motion for leave to withdraw, and affirmed on September 1, 2017.  (ECF No. 70.)   Thompson did not file a petition for writ of certiorari.

In June of 2018, Thompson filed what was construed as a letter motion to correct his sentence.   (ECF No. 72.)   He claimed the BOP had refused to properly calculate sentencing credit he should have received. The court denied the motion after response from the Government but vacated that order to allow Thompson the opportunity to file a reply.   (ECF Nos. 74-77.)   Thompson never filed a reply, even after moving for an extension of time in which to do so, and the court denied the motion. (ECF No. 81.)

On January 2, 2019, the court received a letter dated December 25, 2018, which was docketed as a letter motion for resentencing.   (ECF No. 85.)   Thompson claimed to have sent two prior letters, on or around August 5, 2018 and on or around November 15, 2018.   Without citing any

cases or statutory provisions, he asked that the court resentence him because prior cases that were used to enhance his sentence were too old to count and his lawyer did not raise this issue before the court. The court denied the motion on January 3, 2019, finding no legal basis for resentencing. (ECF No. 86.)

Thompson filed another letter, indicating that he had intended the December 25, 2018, letter to be considered a § 2255 motion. (ECF No. 87.) The letter, which was construed as a motion for reconsideration, was denied. (ECF No. 88.) Thompson appealed, and the Eleventh Circuit vacated the district court's orders and remanded the case with instructions for Thompson's motion for resentencing to be construed as a § 2255 motion. (ECF No. 94.) The district court reconstrued Thompson's motion for resentencing as a § 2255 motion and instructed him to file a notice indicating how he wished to proceed. (ECF No. 95.) After he filed a motion for extension of time to file an amended motion, the clerk provided him with a copy of the form for use in § 2255 cases pursuant to the court's order of August 20, 2019. (ECF No. 101.) The amended motion currently before the court is dated September 3, 2019. (ECF No. 102.)

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Thompson did not file a petition for a writ of certiorari with the United States Supreme Court and thus his conviction became final when the time for doing so expired, ninety days after the entry of the court of appeals' judgment,[2] on November 30, 2017. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002); *Hilel v. United States*, 444 F. App'x 419 (11th

---

[2] The issuance of the mandate, on October 11, 2017 (*see* ECF No. 71), has no bearing on when the time expires for filing a petition for certiorari. *See* Rule 13.3 of the Rules of the Supreme Court of the United States; *Clay v. United States*, 537 U.S. 522, 525 (2008).

Cir. 2011). Therefore, to have been timely filed pursuant to 2255(f)(1), Thompson should have filed his motion on or before November 30, 2018.

Thompson claims his motion is timely because the Eleventh Circuit ordered the court to recharacterize his "Review for Reasonableness" motion filed July 13, 2017, as a § 2255 petition. (ECF No. 102 at 12). He is mistaken. First, no such pleading is in the record. Second, the only motion he filed in July of 2017 is a "Motion for Jail time Credit." (ECF No. 67.) This motion does not challenge the length of his sentence. Rather it complains the BOP failed to give Thompson credit for time served in federal custody in a county jail.[3] Thus, his challenge to the sentence would not "relate back" to that motion. Finally, the Eleventh Circuit specifically referenced Thompson's "construed motions for resentencing and reconsideration from the order denying resentencing" in its order. (ECF No 94 at 2.) Therefore, it was Thompson's letter dated December 25, 2018 that the Eleventh Circuit instructed this court to construe as a

---

[3] A challenge to the execution of a valid sentence arises under § 2241, and is typically filed in the district of confinement after the inmate exhausts his or her administrative remedies. Thompson filed a second letter motion regarding this credit with this court dated June 13, 2018 after exhausting his administrative remedies. (ECF No. 72.) The court denied the motion, which it construed as a § 2241 petition. (ECF No. 81.)

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

Page **7** of **14**

§ 2255 motion. (ECF Nos. 85, 96.) Therefore his § 2255 motion, as amended, is subject to dismissal because it is untimely. However, in light of the complex procedural history of this case, the court will also address the merits of Thompson's claims.

Thompson asserts in Ground One of his motion that his attorney was constitutionally ineffective for not objecting to his sentence or to the incorrect offense level calculation at sentencing. (ECF No. 102 at 4.) He further contends that appellate counsel was ineffective for not raising "sentencing guidelines errors" on appeal, instead filing an *Anders* brief. The errors in question are not explained until Grounds Two and Three.[4]

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two

---

[4] The Government asserts that the issues raised in Grounds Two and Three are procedurally barred. Although technically true, the court declines to adopt this position, finding that instead they are part of Thompson's ineffective assistance of counsel claim.

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

prongs. *Id.*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

A defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir. 2020) (counsel was not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel was not ineffective for failing to

make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

In Ground Two, Thompson asserts it was plain error and a miscarriage of justice for the court to apply U.S.S.G. § 2X3.1 to his offense conduct because "neither the questions asked which led to perjury nor the answers given referenced any criminal offense or activity by the Petitioner." (ECF No. 102 at 5.)

Section 2J1.3 of the Guidelines governs perjury or subornation of perjury.   The base offense level for this offense is 14.   As noted above, the draft and final PSR's assigned Thompson a base offense level of 14, while his base offense level in the second final PSR was 24.   Thompson claims that the court should have assessed his base offense level under § 2J1.3(b)(2).[5]   This section provides for adjustments to the base offense level for perjury based on specific offense characteristics.   If the perjury

---

[5] The motion refers to section 2J1.3(a)(2) instead of (b)(2).

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

"resulted in substantial interference with the administration of justice" the base offense level of 14 is increased by three levels for a total of 17. Section 2J1.3(c) authorizes cross-referencing in calculating the base offense level.   It provides that if the offense conduct involved perjury with respect to a criminal offense, the court should apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense.   Thompson's false testimony occurred during his fiancée's criminal trial and was intended to provide an alibi for her.   As such, the application of the cross reference was appropriate.

Section 2X3.1 provides that the base offense level for an accessory after the fact is six levels lower than the offense level for the underlying offense.   Thompson's perjury occurred during a prosecution for child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2) and (2). Offenses under this section have a base offense level of 30 pursuant to § 2G1.3(a)(2).   Therefore, Thompson's base offense level was properly calculated to be six levels lower, at 24.   Neither trial nor appellate counsel was constitutionally ineffective for failing to make a meritless objection to the guidelines calculations.   *Hollis*, 958 F. 3d at 1124; *United States v.*

*Nyhuis*, 211 F. 3d 1340, 1344 (11th Cir. 2000) ("appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'")

In Ground Three, Thompson asserts that his sentence was unreasonable because the district court did not consider the § 3553(a) factors. (ECF No. 102 at 7.) From the supporting facts, it is evident that his position begins from a factual error. He asserts that the PSR assessed his base offense level at 23, when in fact it was 24. (*See* ECF No. 40, PSR ¶ 17.) Therefore, after the three-level adjustment for acceptance of responsibility, the total offense level was properly calculated at 21. Furthermore, the sentencing court specifically explained all the reasons for the sentence it imposed and specifically stated it had considered all the § 3553(a) factors. (ECF No. 60 at 15-17.) There was no meritorious issue for either trial or appellate counsel to pursue, and they were not constitutionally ineffective for failing to do so. *Hollis, Nyhuis, supra*.

## Conclusion

An evidentiary hearing is not necessary to resolve Thompson's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); *Rosin v. United States,* 786 F.3d 873, 877 (11th Cir. 2015). Based on the foregoing, the court finds that Thompson's motion should be denied as it is both untimely and without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 102) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of June, 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic</u>**

Case Nos.: 1:16cr8/MW/GRJ; 1:19cv151/MW/GRJ

**docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.